FILED

MAR 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEZHU JIN; HAIYAN HUANG, a.k.a. Ijan Wang,<br><br>          Petitioners,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 07-74752<br><br>Agency Nos. A097-351-362<br>           A097-351-363<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

    Dezhu Jin and Haiyan Huang, natives and citizens of China, petition pro se

for review of the Board of Immigration Appeals' order dismissing their appeal

from an immigration judge's decision denying their application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Huang's testimony was internally inconsistent and inconsistent with her asylum application regarding whether Chinese police beat and tortured her during an alleged six-day detention. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001). Huang's explanation for the inconsistencies does not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Accordingly, in the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Because petitioners' CAT claim is based on the testimony the agency found not credible, and they point to no evidence in the record that compels the conclusion that it is more likely than not they would be tortured if returned to China, their CAT claim also fails. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**